# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1378 ABC (PJW) | Date | February 25, 2011 |
|---|---|---|---|
| Title | Michael Badgley et al v. Litton Loan Servicing, LP et al. | | |

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   ORDER TO SHOW CAUSE RE: JURISDICTION (In Chambers)

On December 30, 2010, Plaintiffs Michael Badgley and Julieta Badgley filed their Superior Court Complaint for Breach of Contract and Violation of California Business & Professions Code § 17200, et seq. Plaintiffs served their Complaint on Defendant Litton Loan Servicing LP on January 14, 2011. On February 14, 2011, Defendant removed the case to the federal district court on the basis of federal diversity jurisdiction, 28 U.S.C. § 1332.

Federal courts have original jurisdiction under Section 1332 where a civil action is between citizens of different states, and the amount of controversy exceeds $75,000. Thus, for any action filed on the basis of diversity jurisdiction, the plaintiff must allege the citizenship of each party to enable verification of the existence of complete diversity between the parties, and the jurisdictional amount in controversy.

When a party is a partnership, the citizenship of each member of the partnership must be considered in determining whether diversity exists. See Carden v. Arkoma Assoc., 494 U.S. 185, 195 (1990) (rejecting extension of the place of incorporation or principal place of business test for corporate citizenship to the citizenship of a partnership for diversity purposes); United Steelworkers of America v. R.H. Bouligny, Inc., 382 U.S. 145 (1965) (for purposes of diversity jurisdiction, an unincorporated association's citizenship is taken to be that of each of its members). Litton Loan Servicing is a partnership, but has alleged only its place of partnership and its principal place of business. This is insufficient to show its citizenship. Instead, Litton must allege the citizenship of each of its partners.

Defendant is hereby **ORDERED to SHOW CAUSE** in writing no later than **Monday, March 7, 2011,** why this Court should not remand this case back to state court for lack of jurisdiction. The form of response may be either an amended notice of removal in which the diversity of the parties is sufficiently alleged, or a separate writing. The failure to file a response by the deadline ordered herein shall be deemed Defendant's consent to the remand of this action. In that case, the Court shall remand the action without further notice.

Defendant's Motion to Dismiss is hereby **CONTINUED** to April 11, 2011, at 10:00 a.m. to permit the Court to resolve the OSC. If the OSC is vacated, Plaintiff's Opposition to the Motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1378 ABC (PJW) | Date | February 25, 2011 |
|---|---|---|---|
| Title | Michael Badgley et al v. Litton Loan Servicing, LP et al. | | |

Dismiss will be due no later than March 21, 2011, and Defendant's Reply will be due no later than March 28, 2011.

**IT IS SO ORDERED.**

:

Initials of Preparer    AB